# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN AGUAYO,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:18-cv-00785-EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

   This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 7, 8).

\\\

\\\

1

**A. Analysis**

At a hearing on July 11, 2019, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

Plaintiff challenges the decision of the Administrative Law Judge ("ALJ"), on the ground that he improperly gave little weight to the opinion of Plaintiff's treating physician, Dr. Robert Gonzalez. The Ninth Circuit has held regarding such opinion testimony:

> The medical opinion of a claimant's treating physician is given "controlling weight" so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician. *Id.* § 404.1527(c)(2)–(6). "To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (alteration in original) (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (quoting *Bayliss*, 427 F.3d at 1216); *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("[The] reasons for rejecting a treating doctor's credible opinion on disability are comparable to those required for rejecting a treating doctor's medical opinion."). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

*Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). Dr. Gonzales' opinion is contradicted by two non-examining state agency medical consultants. Thus, this Court examines whether the ALJ provided specific and legitimate reasons supported by substantial evidence for giving little weight to Dr. Gonzales' opinions.

The ALJ gave the following reasons for the weight given to Dr. Gonzales' opinions:

> The undersigned considered these opinions, but he gives them little weight as these restrictions appear to be overly restrictive based on the conservative treatment record and activities.

(A.R. 28).

Regarding the first reason, that the restrictions appear to be overly restrictive based on the conservative treatment record, the Ninth Circuit has held "the failure of a treating physician to recommend a more aggressive course of treatment, absent more, is not a legitimate reason to discount the physician's subsequent medical opinion about the extent of disability." *Trevizo*, 871 F.3d at 677. Thus, without more, the ALJ's reason is not legitimate. Moreover, there is no evidence in the record that a more aggressive form of treatment was available for Plaintiff's impairments, or would have been undertaken for a more serious impairment. There is also evidence in the record that Plaintiff did undergo substantial treatment including multiple MRIs (A.R. 391, 404), consultation at Advanced Pail Solutions (A.R. 394), and Joint & Pain Treatment Center (A.R. 538), multiple epidural steroid injections (A.R. 382-390, 608), and medication including Norco, Oxycontin (A.R. 380-381), Vicodin, Naproxen, and a muscle relaxant (A.R. 608). The Court finds that this reason is not specific, legitimate, and supported by substantial evidence as the jurisprudence requires.

Regarding the second reason, that the restrictions appear to be overly restrictive based on . . . activities is not sufficiently specific. No activities are listed, not to mention compared with restrictions in Dr. Gonzales' opinion. Elsewhere in the ALJ's opinion, the ALJ states as follows regarding Mr. Aguayo's activities:

> The claimant testified that he is able to microwave meals, but his son and daughter-in-law do the cooking. He said he cleans up and takes out the trash. He uses a grabber to get his shoes and socks. He tries to rake leaves sometimes, but his son does the yard work. His wife or daughter shop with him and he takes his laundry to his wife, who lives a mile away. His wife picks him up every day. He said he receives private disabilities payments and he gives his son money for gas, water, and rent. He owns a car and operates it three to four times a month by himself. He cannot drive long distances and he usually has someone drive him.
> . . .
> He reports a wide range of activities, including some light house—and yard -work, driving riding a motorcycle, shopping, looking after his grandchildren, and taking walks.

(A.R. 24-25). These activities do not necessarily contradict the limitations in Dr. Gonzales'

opinion and do not indicate that Plaintiff can perform jobs that exist in significant numbers in the national economy.[1] The Court finds that this reason also is not a specific and legitimate reason supported by substantial evidence. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) ("But this principle has no application here because a holistic review of the record does not reveal an inconsistency between the treating providers' opinions and Ghanim's daily activities. Although Ghanim performed some basic chores and occasionally socialized, the record also reveals that he relied heavily on his caretaker, struggled with social interactions, and limited himself to low-stress environments. A claimant need not be completely incapacitated to receive benefits. Ghanim's limited daily activities are not in tension with the opinions of his treating providers.") (internal citations omitted).

Although Plaintiff's brief argues that the Vocational Expert has already opined that no work would be available for an individual with Plaintiff's residual functional capacity as assessed by Dr. Gonzales (ECF No. 14, at p. 28, citing A.R. 76, 526-527), and this Court does not see a basis to deny benefits at this time, Plaintiff's brief stops short of requesting an award of benefits. (ECF No. 14, at p. 29 ("A remand for further determinations is warranted.")). Accordingly, the Court will grant Plaintiff's request and remand for further determinations in light of this order.

### B. Conclusion

The Court thus remands this case to the ALJ and directs the ALJ upon remand to consider Dr. Gonzales' medical opinions in light of this decision, and to evaluate whether the limitations reflected therein would render him disabled as defined in the Social Security Act.

\\\
\\\
\\\
\\\
\\\

---

[1] The Court also addressed this issue at oral argument at length and notes that counsel for the Commissioner also could not adequately explain a contradiction between the activities of daily living and the limitations as opined by Dr. Gonzales.

Accordingly, the decision of the Commissioner of the Social Security Administration is REVERSED and REMANDED for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: **August 6, 2019**          /s/ *Eric P. Groj*
                                   UNITED STATES MAGISTRATE JUDGE